RECEIVED
IN LAKE CHARLES, LA

AUG 2 7 2009
*pam*
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| HERSEHL DALE TERRO | : | DOCKET NO. 08-CV-1477 |
|---|---|---|
| VERSUS | : | JUDGE TRIMBLE |
| TONY MANCUSO, ET AL. | : | MAGISTRATE JUDGE KAY |

## REPORT AND RECOMMENDATION

On September 23, 2008, plaintiff filed a Petition for Money Damages against Calcasieu Parish, Sheriff Tony Mancuso, Deputy Evin Spell, Deputy James Reed, Deputy Kenneth Higginbotham, Deputy Jarold Villejoin, and John Doe Insurance Company in the 14th Judicial District Court for the Parish of Calcasieu, Louisiana. Doc. 1. Plaintiff's state court petition indicates that plaintiff did not request that the state court serve defendants Calcasieu Parish and John Doe Insurance Company. *Id.* (The petition only requests that Mancuso, Spell, Villejoin, Reed, and Higginbotham be served.). On October 3, 2008, defendants Mancuso, Reed, Spell, Higgbotham, and Villejoin filed a Notice of Removal. *Id.*

On October 9, 2008, defendants Mancuso, Spell, Villejoin, Reed, and Higginbotham filed an Answer and Defense to plaintiff's petition. Doc. 3. As of August 25, 2009, plaintiff has failed to provide proof of service on Calcasieu Parish and John Doe Insurance Company and the same defendants have not filed answers to plaintiff's petition.

According to LR 41.3W, "[a] civil action may be dismissed . . . for lack of prosecution . . . . [w]here no service of process has been made within 120 days after filing of the complaint . . . [or w]here no responsive pleadings have been filed or no default has been entered within 60 days after service of process . . . ."

It is THEREFORE RECOMMENDED that plaintiff's claims against defendants Calcasieu Parish and John Doe Insurance Company be DISMISSED WITHOUT PREJUDICE.

Pursuant to LR41.3W, plaintiff is allowed ten calendar days from the mailing of this notice to file evidence of good cause for failure to act. Additionally, under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 27th day of August, 2009.

KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE