# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| HERSHEL DALE TERRO | : | DOCKET NO. 2:08-CV-1477 |
| --- | --- | --- |
| VS. | : | JUDGE TRIMBLE |
| TONY MANCUSO, ET AL. | : | MAGISTRATE JUDGE KAY |

## REPORT AND RECOMMENDATION

Plaintiff, represented by counsel, filed suit in state court on September 23, 2008, against Tony Mancuso, Sheriff for Calcasieu Parish, Louisiana, and others seeking relief pursuant to 42 U.S.C. §§ 1983 and 1988. The matter was removed to this court by the defendants on October 3, 2008.

On January 20, 2009, counsel for plaintiff moved for leave to withdraw from his representation in this matter. Doc. 4. The court scheduled a telephone conference to be held February 13, 2009, and further ordered that plaintiff personally participate with his counsel as the Motion to Withdraw would be considered at that time. Doc. 5. Plaintiff participated in the conference as ordered and, once plaintiff affirmed he understood that he would be representing himself after withdrawal of current counsel, the court granted the Motion to Withdraw. At this conference plaintiff provided to the court his mailing address, his telephone number at work and his cellular telephone number, and his e-mail address. Plaintiff indicated he wished to retain counsel; accordingly the court upset the scheduling conference noticed to be held that date and refixed the scheduling conference for March 17, 2009 to allow plaintiff the opportunity to retain new counsel. Doc. 6.

The March 17, 2009, scheduling conference was held. Plaintiff had not retained new counsel at this point and participated in proper person. Jury trial was set for October 5, 2009, and this court asked the clerk to copy and mail to the plaintiff the docket sheet and to separately print the court's Standing Order Governing Pretrial Procedure for plaintiff's benefit. The court cautioned plaintiff to become familiar with the standing order because he would be "responsible for obligations imposed therein unless and until he retains new counsel." Doc. 10.

On August 7, 2009, defendants filed a Motion to Compel complaining that plaintiff failed to respond to discovery properly propounded April 28, 2009. Doc. 12. The court fixed a hearing to be held on the Motion to Compel for September 10, 2009. The order fixing the hearing stated that "[p]laintiff is noticed that should he fail to appear for the hearing, this matter may be subject to dismissal by the trial court for failure to prosecute and as a sanction for failure to comply with the Federal Rules of Civil Procedure concerning discovery." Doc. 14. Plaintiff was served with the court's order by certified mail to the address provided by him previously. Doc. 17.

On September 10, 2009, defense counsel appeared for hearing but plaintiff failed to appear. Defense counsel advised that, as of the time of hearing, the discovery remained unanswered.

Rule 37(d) of the Federal Rules of Civil Procedure provides that when a party fails to respond to interrogatories or document requests, the court may take appropriate action, on motion, including "dismissing the action in whole or in part" by order. Fed. R. Civ. Proc. 37(d)(3). Imposition of discovery sanctions is a matter of this court's discretion and is reviewed only for abuse. *Shipes v. Trinity Indus.*, 987 F.2d 311 (5th Cir. 1993), *reh'g denied* 996 F.2d 309 (1993), *cert. denied* 510 U.S. 991 (1993). Further, "if the plaintiff fails to comply with [the Federal Rules of Civil Procedure] or a court order, a defendant may move to dismiss the action

or claim against it." Fed. R. Civ. P. 41. In this case, defendant specifically seeks that "this matter be dismissed with prejudice." Doc. 12, at 4.

While under normal circumstances this court would hesitate to impose such a drastic sanction as dismissal for failure to comply with discovery, we believe this action is supported in upon consideration also of plaintiff's overall failure to participate in this process.

Federal Rule of Civil Procedure Rule 41(b) permits dismissal of claims "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order . . . ." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31, 82 S. Ct. 1386, 1388-89, 8 L. Ed. 2d 734 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988).

In this case, plaintiff has failed to take an active role in prosecuting his claim. Plaintiff has failed to respond to discovery or to appear at the aforementioned discovery hearing despite this court's Order that he do so. Additionally, plaintiff has failed to comply with the court's Standing Order Governing Pretrial Procedure mailed to him and discussed with him following the March 17, 2009, scheduling conference. This matter is scheduled for trial for October 5, 2009, less than thirty days from today's date. Plaintiff has failed to submit witness or exhibit lists as required by the standing order. Plaintiff was purposely cautioned to make himself familiar with the court's order as he would be responsible for compliance while unrepresented Plaintiff either failed to make himself familiar with the order or made himself familiar but then failed to comply. Neither scenario is acceptable.

In short, it is the opinion of this court that plaintiff's complaint should be dismissed both as a sanction for plaintiff's failure to comply with discovery and as a consequence of his failure to prosecute this action.

For the foregoing reasons, IT IS RECOMMENDED that this action be DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. 636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, on September 11, 2009.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE